It is true that the provision in paragraph 304 for "* * * all descriptions and shapes of dry sand, loam, or iron molded steel castings," is a broad provision, but in our opinion this provision was never intended to include molded steel castings which, by a manufacturing process, had been made up into a specific article for use exclusively as anchor chain connecting links. The same statement applies with equal force to the instant merchandise and the provision for "* * * steel not specially provided for" in said paragraph 304.

As stated by our appellate court in *United States* v. *Frank*, 15 Ct. Cust. Appls. 97:

> Our conclusion is, based upon the language of paragraph 304 and upon these authorities, that said paragraph was intended to refer to materials for further manufacturing processes and not to completely manufactured products like the steel piling involved here.

For the reasons heretofore stated all claims of the plaintiff are overruled and judgment will be rendered affirming the classification of the collector.

No. 51394.—Protest 106439–K of Denton's, Inc. (Cleveland).

Opinion by TILSON, J. At the first hearing the appraiser of merchandise testified that the instant merchandise was in part of flouncings. However, the record established that the involved merchandise is not in any part of either tuckings or flouncings, but that it consists of cotton wearing apparel. On the record presented it was held that the merchandise described on the invoice as "120 Short Cotton Skirts" is properly dutiable at 37½ percent under paragraph 919 as claimed.

No. 51395.—Protests 503765–G, etc., of Julius Kayser & Co. (New York).

Opinion by KINCHELOE, J. It was stipulated that the merchandise is the same in all material respects as the gloves which were the subject of *United States* v. *Julius Kayser & Co.* (33 C. C. P. A. 179, C. A. D. 333). In accordance therewith the claim of the plaintiffs was sustained.

No. 51396.—Protests 595860–G, etc., of Julius Kayser & Co. (New York).

Opinion by KINCHELOE, J. It was stipulated that the merchandise is the same in all material respects as the gloves which were the subject of *United States* v.

*Julius Kayser & Co.* (33 C. C. P. A. 179, C. A. D. 333).   In accordance therewith the claim of the plaintiffs was sustained.

**No. 51397.**—Protests 802350–G, etc., of Van Raalte Co., Inc. (New York).

Opinion by KINCHELOE, J.   It was stipulated that the merchandise is the same in all material respects as the gloves which were the subject of *United States* v. *Julius Kayser & Co.* (33 C. C. P. A. 179, C. A. D. 333).   In accordance therewith the claim of the plaintiff was sustained.

**No. 51398.**—Protests 914638–G, etc., of Van Raalte Co., Inc. (New York).

Opinion by KINCHELOE, J.   It was stipulated that the merchandise is the same in all material respects as the gloves which were the subject of *United States* v. *Julius Kayser & Co.* (33 C. C. P. A. 179, C. A. D. 333).   In accordance therewith the claim of the plaintiff was sustained.

**No. 51399.**— Protests 522384–G, etc., of American Shipping Co. et al. (New York).

Opinion by KINCHELOE, J.   Following the authorities cited in Abstract 15400 the court dismissed the protests.

BEFORE THE THIRD DIVISION, NOVEMBER 7, 1946

**No. 51400.**— Protests 113337–K, etc., of L. E. Kriener-Hopkins (Cleveland).

Opinion by CLINE, J.   It was stipulated that the merchandise is the same in all material respects as that passed upon in *Tower & Sons* v. *United States* (14 Cust. Ct. 94, C. D. 919).   In accordance therewith the claim for free entry was sustained.

**No. 51401.**—Protest 113519–K of L. E. Kriener-Hopkins (Memphis).